FILED
CLERK, U.S. DISTRICT COURT
10/28/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_EC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TRISTAN VON HESSENSTEIN,<br>　aka "Tristan VonHessenstein,"<br><br>　　　　Defendant. | CR 2:22-cr-00498-ODW<br><br>**I N D I C T M E N T**<br><br>[18 U.S.C. § 1708: Mail Theft; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH THIRTEEN

[18 U.S.C. § 1708]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant TRISTAN VON HESSENSTEIN, also known as "Tristan VonHessenstein," stole, took, and abstracted mail and mail matter from and out of a letter box, mail receptacle, mail route, and authorized depository for mail matter, namely, community mail boxes located at the residential complexes set

1 forth below, with the intent to deprive the owners of the mail and
2 mail matter, temporarily and permanently, of its use and benefit:

| COUNT | DATE | LOCATION |
|---|---|---|
| ONE | December 9, 2020 | 3145 S. Canfield Ave. Los Angeles, CA 90034 |
| TWO | December 10, 2020 | 12773 Caswell Ave. Mar Vista, CA 90066 |
| THREE | December 18, 2020 | 9848 Tabor St. Los Angeles, CA 90034 |
| FOUR | December 19, 2020 | 11681 Darlington Ave. Los Angeles, CA 90049 |
| FIVE | December 29, 2020 | 12773 Caswell Ave. Mar Vista, CA 90066 |
| SIX | December 30, 2020 | 11681 Darlington Ave. Los Angeles, CA 90049 |
| SEVEN | December 31, 2020 | 9848 Tabor St. Los Angeles, CA 90034 |
| EIGHT | January 6, 2021 | 36767 Vinton Ave. Los Angeles, CA 90034 |
| NINE | March 7, 2021 | 5837 Village Dr. Playa Vista, CA 90094 |
| TEN | June 17, 2021 | 8110 Redlands St. Los Angeles, CA 90293 |
| ELEVEN | August 19, 2021 | 8110 Redlands St. Los Angeles, CA 90293 |
| TWELVE | September 25, 2021 | 8110 Redlands St. Los Angeles, CA 90293 |
| THIRTEEN | June 23, 2022 | 11858 Goshen Ave. Los Angeles, CA 90049 |

COUNT FOURTEEN

[18 U.S.C. § 1344(2)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment

1. JPMorgan Chase & Co. ("Chase") was a financial institution insured by the Federal Deposit Insurance Corporation.

2. Victim D.G. had a Chase credit card in his name (the "D.G. Chase credit card").

B.  THE SCHEME TO DEFRAUD

3. Beginning on a date unknown to the Grand Jury, and continuing through at least on or about March 7, 2021, in Los Angeles County, within the Central District of California, defendant TRISTAN VON HESSENSTEIN, also known as "Tristan VonHessenstein," knowingly and with intent to defraud, devised and executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of Chase by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

   a. Defendant VON HESSENSTEIN would steal mail to obtain credit cards and other personal identifying information ("PII"), including the D.G. Chase credit card.

   b. Defendant VON HESSENSTEIN would use the stolen credit cards and PII, including the D.G. Chase credit card, to make fraudulent purchases without permission or authorization from the card account holders.  In doing so, defendant VON HESSENSTEIN falsely represented that he was the account holder and was otherwise an

1 authorized user of the credit card account, and concealed that the
2 purchases defendant VON HESSENSTEIN made with the credit cards were
3 made without any authorized user's consent.
4 C.   EXECUTION OF THE FRAUDULENT SCHEME
5        5.   On or about March 7, 2021, in Los Angeles County, within
6 the Central District of California, defendant VON HESSENSTEIN used
7 the D.G. Chase credit card to make a purchase of $1,472.74 from a
8 Saks Off 5th in Los Angeles, California, which constituted an
9 execution of the fraudulent scheme.

COUNT FIFTEEN

[18 U.S.C. § 1028A(a)(1)]

On or about March 7, 2021, in Los Angeles County, within the Central District of California, defendant TRISTAN VON HESSENSTEIN, also known as "Tristan VonHessenstein" knowingly possessed and used, without lawful authority, means of identification, namely, the name of victim D.G. and a credit account number belonging to victim D.G., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Fourteen of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Thirteen of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

6

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of defendant's conviction of the offenses set forth in either of Counts Fourteen or Fifteen of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

SOLOMON KIM
Assistant United States Attorney
Terrorism and Export Crimes Section